# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 14, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONSOLIDATION COAL COMPANY,**
**Employer Below, Petitioner**

**vs.)    No. 13-0842** (BOR Appeal No. 2048097)
             (Claim No. 2008027307)

**HENRY W. ASTON,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Consolidation Coal Company, by Edward M. George III, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Henry W. Aston, by M. Jane Glauser, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 30, 2013, in which the Board affirmed a January 31, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's July 25, 2012, decision that denied a request to reopen the claim for additional permanent partial disability consideration. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Aston worked as a coal miner for Consolidation Coal Company and was exposed to coal dust for approximately thirty-two years. The Occupational Pneumoconiosis Board found on May 1, 2008, that there was insufficient evidence to make a diagnosis of occupational pneumoconiosis. Mr. Aston requested a reopening of his claim for permanent partial disability benefits for occupational pneumoconiosis with an attached letter from East Ohio Regional Hospital and a chest x-ray dated November 2, 2011. The chest x-ray revealed simple

1

pneumoconiosis. The claims administrator denied a reopening of the claim for additional permanent partial disability benefits based on the Occupational Pneumoconiosis Board's finding of May 1, 2008, and Mr. Aston had experienced no additional exposure to hazardous dust since being evaluated by the Occupational Pneumoconiosis Board in May of 2008.

However, the Office of Judges reversed the claims administrator's decision and ordered Mr. Aston to be examined by the Occupational Pneumoconiosis Board. It held that Mr. Aston has shown a prima facie cause for reopening the claim for permanent partial disability consideration. The Board of Review affirmed the Order of the Office of Judges. On appeal, Consolidation Coal Company disagrees and asserts that Mr. Aston failed to prove he suffered a progression or aggravation of an injury because occupational pneumoconiosis was found not to exist by the Occupational Pneumoconiosis Board in May of 2008 and Mr. Aston has had no additional exposure to hazardous dust subsequent to the Occupational Pneumoconiosis Board's findings. Mr. Aston maintains that a letter dated May 22, 2012, from East Ohio Regional Hospital and an evaluation report dated November 2, 2011, which found simple pneumoconiosis on a chest x-ray, support a prima facie cause for reopening his claim by showing a progression or aggravation exists. Mr. Aston further maintains that a negative x-ray cannot be utilized to deny occupational pneumoconiosis under West Virginia Code § 23-4-1 (2008). Mr. Aston argues that occupational pneumoconiosis is a progressive disease and can progress without additional exposure.

In *Harper v. State Workmen's Compensation Commissioner*, this Court interprets a prima facie cause as a showing of any evidence that would tend to justify but not compel the inference that there has been a progression or aggravation of the former injury. 160 W. Va. 364, 370, 234 S.E.2d 779, 783 (1977). The Office of Judges relied on *Harper* and found that Mr. Aston met the showing of a prima facie cause with a letter dated May 22, 2012, and an evaluation report dated November 2, 2011, from East Ohio Regional Hospital. The evaluation found mild reduction in diffusion capacity during a physical examination and simple pneumoconiosis based on a chest x-ray dated November 2, 2011. The Office of Judges concluded that since the Occupational Pneumoconiosis Board had not made a diagnosis of occupational pneumoconiosis, the evidence submitted for a reopening is persuasive to support a determination that Mr. Aston has established an inference of a progression or aggravation.

This Court agrees with the Office of Judges' findings and conclusion. Mr. Aston has over thirty-two years of exposure to coal dust through his work as a coal miner. The Occupational Pneumoconiosis Board did not make a diagnosis of occupational pneumoconiosis in May of 2008 and had a negative chest x-ray. Mr. Aston has now submitted evidence from East Ohio Regional Hospital that shows simple pneumoconiosis was interpreted on a chest x-ray taken in November of 2011. Mr. Aston has submitted evidence that would support an inference that there has been a progression or aggravation of the former injury, and therefore, he has made a prima facie cause showing for reopening.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.


**ISSUED:    November 14, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3